SINGER CASHMAN LLP
  Benjamin L. Singer (Bar No. 264295)
  bsinger@singercashman.com
  Walter C. Pfeffer (Bar No. 289421)
  wpfeffer@singercashman.com
601 Montgomery Street, Suite 1950
San Francisco, California 94111
Telephone:     (415) 500-6080
Facsimile:     (415) 500-6080

*Attorneys for Bunsow De Mory LLP*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISON

| | |
|---|---|
| BUNSOW DE MORY LLP, a California limited liability partnership, | CASE NO.   3:20-CV-04997 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| NORTH FORTY CONSULTING LLC, a Delaware limited liability company, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

By and for its Complaint against Defendant North Forty Consulting LLC ("North Forty" or "Defendant"), Plaintiff Bunsow De Mory LLP ("BDIP" or "Plaintiff") hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment pursuant to the Federal Declaratory Judgments Act, breach of fiduciary duty, breach of contract, and related California state law claims.

2.     Plaintiff BDIP and Defendant North Forty (collectively, the "Parties") entered into a consulting agreement effective September 1, 2017 (the "Consulting Agreement").[1]  As set forth more fully below, under the Consulting Agreement, ████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████

3.     Plaintiff maintains that North Forty ██████████████████████████ ███████████████████████, causing substantial harm to Plaintiff.  Plaintiff further maintains that North Forty's tortious conduct gives rise to additional remedies at law and equity as set forth below.

4.     In addition, the Parties dispute Plaintiff's performance and remaining obligations under the Consulting Agreement.  Plaintiff maintains that: (1) it properly and effectively terminated the Consulting Agreement; and (2) it has fully performed, both prior to termination and since, its payment and other contractual obligations under the Consulting Agreement.  Defendant maintains, however, that Plaintiff owes it additional sums.

5.     As set forth more fully below, Plaintiff now seeks a declaration that: (1) ███████ ████████████████████████████████████ ████████ (2) BDIP has, to date, fully performed all of its payment obligations under the Consulting Agreement; and (3) termination of the Consulting Agreement was effective as of March 27, 2020.

---

[1]     Because the Consulting Agreement provides that its terms are confidential, BDIP has filed this redacted Complaint and has not appended the Consulting Agreement to this pleading.

**PARTIES**

6.     Plaintiff BDIP is a limited liability partnership organized and existing under the laws of the state of California, with its principal place of business at 701 El Camino Real, Redwood City, California 94063.

7.     Upon information and belief, Defendant North Forty is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 1 Thomas Street, Scarsdale, New York 10583.

**JURISDICTION**

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between all plaintiffs and all defendants, and the amount at issue exceeds $75,000.

9.     An actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2202, which is of sufficient immediacy and reality to warrant declaratory relief.

10.     This Court has personal jurisdiction over Defendant because it does business in the Northern District of California, and many of the acts complained of and giving rise to the claims alleged herein occurred in this District.

11.     Moreover, this action arises from the Consulting Agreement, which provides as follows: █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**VENUE**

12.     Venue is proper in the Northern District of California pursuant to of 28 U.S.C. § 1391(b) because Defendant conducts business in this District and a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

13.     Venue is also proper because ███████████████████████████████████████████████████████

**INTRADISTRICT ASSIGNMENT**

14.     Under Northern District of California Local Rule 3-2(d), this case is properly assigned to the San Francisco Division because it arose in San Mateo County, California.

**FACTUAL ALLEGATIONS**

**I.     THE CONSULTING AGREEMENT**

15.     BDIP is a law firm with deep experience in patent litigation and licensing.

16.     In mid-2016, BDIP began working with longtime client and Fortune 500 member ███████████████████████ on putting together a new patent licensing program (the "Licensing Program").

17.     BDIP invested substantial time and money in conceiving and developing the Licensing Program—████████████████████████████████ ██████████████████████████████████████ ██████████████████████████ By mid-2017, BDIP was deep into establishing the Licensing Program.

18.     On information and belief, in early 2017, David Barnes and Aaron Wexler left their positions as in-house counsel at NXP Semiconductor ("NXP") to set up North Forty, which purports to provide IP monetization consulting services.

19.     In or around January 2017, Messrs. Barnes and Wexler reached out to BDIP, with whom they had a past relationship, to pitch their services to BDIP and to see if BDIP had any projects that could help them launch their new venture.  In or around May 2017, BDIP indicated that it may be able to hire North Forty to assist BDIP with the Licensing Program.

20.     In anticipation of North Forty consulting on the Licensing Program, BDIP and North Forty entered into the Consulting Agreement.

21.     ████████████████████████████ ████████████████████████████████████ ██████████████████████████████████ ████████████████████████████

1    22.   █████████████████████████████████████████████

2    ███████████████████████

3    23.   ████████████████████████████████████████████████

4    ███████████████████████████████████████████

5    ███████████████████████████████████████████

6    ████████████████████████████████████████████████

7    ██████   All services described here in Paragraphs 21 through 23 are referred to herein as the

8    "Services."

9    24.   ████████████████████████████████████████

10    ███████████████████

11    25.   ██████████████████████████████████████

12    ███████████████████████████████████████████████

13    █████████████████████████████████████████

14    ███████████████████████████████████

15    ██████████████████████████████

16    ██████████████████████████████████████

17    ██████████████████████████████████████

18    ██████████████████████████████████████

19    ████████████████████████████████

20    26.   ████████████████████████████████████

21    ████████████████████████████████████████

22    ████████████████████████████████████████

23    █████████████████████████████████████████

24    █████████████████████████████████████████

25    ███████████████████

26    27.   ████████████████████████████████████████████

27    ██████████████████████████████████████████████

28    ██████████████

COMPLAINT
CASE NO. 3:20-cv-04997

28. ████████████████████████████████████████████

████████████████████████████████████

**II.    THE ████████ LITIGATION AND EVENTUAL PATENT SALE**

29.    In March 2018, North Forty sent initial letters to potential licensees in an effort to secure licensing deals outside of litigation.

30.    As of the fall of 2019, North Forty had not secured a license from any of the potential licensees.

31.    In or around the fall of 2019 ████████████████████████████ ████████████████ contacted ████ about purchasing the Patent Portfolio.  Around the same time, another entity re-engaged with ████ about acquiring the Patents.

32.    North Forty had been and continued to be very resistant to supporting a sale of the Patents.  North Forty was vocal about its preference that ████ not sell the Patents and allow the Licensing Program to continue.

33.    Shortly thereafter, in December 2019, North Forty's interactions with ████ ████████████████████████████████████ ████████████████████

34.    Against this backdrop, ████████████████████████████████████ ████████████

35.    ████ requested support from North Forty with regard to its efforts to sell the Patents. North Forty unilaterally decided which requested materials it would and would not provide.  North Forty withheld information that was requested by ████ and/or BDIP to support a sale ████████ ████████████████████████████████████████ ████████████████████████████████ North Forty never provided many of these materials.

36.    On February 21, 2020, ████ and ████ entered into an agreement whereby ████ was to purchase the Patents from ████████████████ subject to due diligence (the "████████████████").

singer
cashman LLP

37. ███████████████████████████████████████
████████████████████████████████████████
████████████████████

38.     BDIP provided notice of termination of the Consulting Agreement on February 27, 2020.  Though not required under the Consulting Agreement, North Forty affirmed the termination and noted that it was appropriate. ██████████████████████████
████████████████████████

39.     After North Forty accepted BDIP's notice of termination and before the ████████ ████████ scheduled close, a dispute arose between North Forty and BDIP regarding: ████████
███████████████████████████████████████████
███████████████████████████████

40.     Rather than continuing ██████████████████████████
███████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████

41.     ████████ pulled out of the deal on March 15, 2020, and the ███████████████ did not close.

42.     BDIP, in cooperation with ███████, went back to work trying to find a replacement buyer for the Patent Portfolio. ███████████████████████████
███████████████████████████

43.     █████████████████—after BDIP's termination of the Consulting Agreement was effective—███████████████████████████████████████
█████████

## FIRST CAUSE OF ACTION
### Declaratory Judgment
### 28 U.S.C. §§ 2201–2202, Cal. Code Civ. Proc. § 1060

44.     BDIP realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43.

1    45.    ████████████████████████████████████████████████
2    ████████████████████

3    46.    ███████████████████████████████████████████
4    ████████████████████████████████████

5    47.    ████████████████████████████████████████████
6    ████████████████████████████████████████████████████
7    ███████████████████████████████

8    48.    ████████████████████████████████████████████
9    ██████████████████

10   49.    ██████████████████████████████████████████████████
11   ████████████████████████████████████████████████████
12   ██████████████████████████████████████

13   50.    An actual controversy exists relating to the legal rights of the Parties under the
14   Consulting Agreement.

15   51.    BDIP is entitled to a judgment declaring that ████████████████████████
16   █████████████████████████ North Forty has been fully paid ████████████████████
17   █████████████

18
19                        **SECOND CAUSE OF ACTION**
                          **Declaratory Judgment**
20       **28 U.S.C. §§ 2201–2202, Cal. Code Civ. Proc. § 1060**

21   52.    BDIP realleges and incorporates by reference the allegations contained in Paragraphs
22   1 through 43.

23   53.    █████████████████████████████████████████████
24   ████████████████████████████████████████████████
25   ████████████████████████████████████████

26   54.    ██████████████████████████████████████████████
27   ████████████████████████

28   55.    North Forty's assertions are incorrect.

- 7 -
COMPLAINT
CASE NO. 3:20-cv-04997

56.   An actual controversy exists relating to the legal rights of the Parties under the Agreement.

57.   BDIP is entitled to a judgment declaring that (a) termination of the Consulting Agreement was effective as of March 27, 2020, (b) ████████████████████████████████ ████████████████████████████, and (c) BDIP has, to date, fully performed all of its payment obligations under the Consulting Agreement.

### THIRD CAUSE OF ACTION
### Breach of Fiduciary Duty
### Cal. Common Law

58.   BDIP realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43.

59.   ████████████████████████████████████████████████████████████████████████████████████████████

60.   ████████████████████████████████████████████████

61.   ████████████████████████████████████

62.   ████████████████████████████████████████████████████████████████████████████████████████████████████████

63.   Upon information and belief, North Forty took these actions ████████████████████████████████████████████████████████████████████████

64. Upon information and belief, North Forty was acting in its own self-interest ███████ ████████████████████ ██████████████████ ████████████████

65. ████████████████████████████ ██████████

66. BDIP did not give consent to North Forty's actions.

67. BDIP has been damaged by North Forty's breach of its fiduciary duties.

68. North Forty's conduct was a substantial factor in causing BDIP's harm.

69. BDIP is entitled to at least monetary damages, punitive damages, and a constructive trust to ensure that North Forty relinquishes the materials and information that it has withheld in violation of its fiduciary duty.

**FOURTH CAUSE OF ACTION**
**Breach of Contract**
**Cal. Common Law, Cal. Civ. Code § 3300**

70. BDIP realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43.

71. As described above, BDIP and North Forty entered into the Consulting Agreement.

72. BDIP fully performed its obligations under the Consulting Agreement.

73. North Forty breached its obligations under the Consulting Agreement ██████ █████████████████████████████████ ███████████████████████████ █████████

74. As a result of North Forty's breaches of Consulting Agreement, BDIP has suffered millions of dollars in damages and continues to suffer irreparable harm as a result of North Forty's continuing conduct.



75. ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

**FIFTH CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**Cal. Common Law**

76.     BDIP realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43.

77.     California law implies in every agreement a covenant of good faith and fair dealing.

78.     As described above, BDIP and North Forty entered into the Consulting Agreement.

79.     BDIP fully performed its obligations under the Consulting Agreement.

80.     North Forty unfairly interfered with BDIP's right to receive the benefits of the Consulting Agreement ████████████████████████████████

████████████████████████████████████████

███████████████████████████

81.     North Forty's conduct violates the Consulting Agreement's implied covenant of good faith and fair dealing.

82.     BDIP was harmed by North Forty's breach of the implied covenant of good faith and fair dealing.

**SIXTH CAUSE OF ACTION**
**Intentional Interference with Contractual Relations**
**Cal. Common Law**

83.     BDIP realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43.

84.     As described above, ███████████████████████████████

████████████████████████████████████████

██████████████████████████████████

85.     Upon information and belief, North Forty knew of ████████████████

86.   Upon information and belief, North Forty intended to disrupt ███████████ ████████████████████████████ ████████████████████████████ ████████████████████████████████ ███████

87.   North Forty was certain or substantially certain that if it ████████████ ███████████████████████, it would disrupt ███████████.

88.   North Forty intentionally refused to ███████████████████████ ████████████████████████████████████ with the intent of preventing BDIP from ███████████████.

89.   As a result of North Forty's conduct, BDIP was substantially harmed.

90.   North Forty's conduct was a substantial factor in causing BDIP's harm.

### SEVENTH CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage
### Cal. Common Law

91.   BDIP realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43.

92.   As described above, ████████████████████████████ ████████████████████████████████████ █████████████████████████

93.   BDIP, ███████████ were in an economic relationship that almost certainly would have resulted in an economic benefit to BDIP.

94.   North Forty knew of the economic relationship between BDIP, ███████████.

95.   North Forty intentionally disrupted this relationship.  It intentionally ███████ ████████████████████████████████ ███████

96.   North Forty was certain or substantially certain that if it refused to ███████████ ███████, it would disrupt the economic relationship between BDIP, ████████████.

97.     North Forty intentionally refused to ████████████████████████ ████████ with the intent of disrupting the economic relationship between BDIP, █████████ and preventing BDIP from receiving ██████████████████████████ ████████

98.     As a result of North Forty's conduct, BDIP was substantially harmed.

99.     North Forty's conduct was a substantial factor in causing BDIP's harm.

### EIGHTH CAUSE OF ACTION
### Unfair Competition
### Cal. Bus. & Prof. Code § 17200 *et seq.*

100.     BDIP realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43.

101.     The conduct of North Forty, as alleged herein, constitutes an unlawful, unfair, and fraudulent business act or practice in violation of California Business and Professions Code Sections 17200 *et seq.*

102.     Upon information and belief, as a result of the conduct alleged herein, North Forty has been unjustly enriched and BDIP has been subject to continuing harm that can only be stopped by judicial injunction.

103.     BDIP is entitled to restitution of any monies obtained by North Forty as a result of its unlawful, unfair, and fraudulent business acts and practices, and an injunction to stop their unlawful, unfair, and fraudulent behavior.

### PRAYER FOR RELIEF

WHEREFORE, BDIP prays as follows:

A.     That judgment be entered for BDIP and against North Forty on each of BDIP's causes of action;

B.     For a judgment declaring that ████████████████████████████████████ ████████████████, (2) North Forty has been fully paid ████████████████████████, (3) BDIP's termination of the Consulting Agreement was effective as of March 27, 2020, (4) BDIP



1    is not required to pay North Forty ██████████████████████████████, and (5)

2    BDIP has, to date, fully performed all of its payment obligations under the Consulting Agreement;

3         C.      An order requiring specific performance of North Forty's contractual obligation to

4    ████████████████████████████████████████████████████████████████████████

5    ████████████████████████;

6         D.      For an award of damages, together with pre- and post-judgment interest and costs, in

7    an amount according to proof;

8         E.      For an award of punitive damages;

9         F.      For restitution for Defendant's unfair, unlawful, and fraudulent business practices;

10        G.      For disgorgement of any profits earned by North Forty as a result of North Forty's

11   breaches of fiduciary duty;

12        H.      For the imposition of a constructive trust to facilitate the return to BDIP of all

13   materials and information being improperly held by North Forty, ████████████████████

14   ██████████████████████████;

15        I.      For an award of attorney fees and costs; and

16        J.      For such other costs and further relief as the Court may deem just and proper.

17

18                                  **<u>DEMAND FOR JURY TRIAL</u>**

19        BDIP hereby demands a trial by jury as to all issues so triable in this action.

20

21   Date:  July 24, 2020                        Respectfully submitted,

22                                               SINGER CASHMAN LLP

23

24                                               By: _Walter C Pffr_____
                                                    Benjamin L. Singer
25                                                  Walter C. Pfeffer
                                                    *Attorneys for Bunsow De Mory LLP*

26

27

28



---