UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUNSOW DE MORY LLP,<br><br>Plaintiff,<br><br>v.<br><br>NORTH FORTY CONSULTING LLC,<br><br>Defendant. | Case No. 20-cv-04997-JSC<br><br>**ORDER RE PLAINTIFF'S SECOND ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 11 |

Before the Court is Plaintiff's second administrative motion to file under seal portions of its complaint, and the declaration of Denise M. De Mory, the Managing Partner for Plaintiff, in support of Plaintiff's administrative motion. (*See* Dkt. No. 11). The Court denied Plaintiff's first administrative motion to seal portions of its complaint without prejudice on the grounds that Plaintiff's initial request for sealing was overbroad. (Dkt. No. 10.)

Plaintiff now seeks to file under seal excerpts of the complaint that contain the identities of select third parties and portions "that reflect trade secret, privileged, or otherwise protectable information." (Dkt. No. 11 at 2.) Plaintiff alleges that the excerpts it seeks to seal "are the subject of agreed-upon confidentiality provisions to prevent unnecessary disclosure," and that public disclosure of these excerpts would provide competitors and non-parties "an unfair competitive, negotiating, or other advantage" because the materials sought to be sealed "give insight into and detail the legal and business strategies" of Plaintiff and third parties implicated in this action. (*Id.* at 3.) Plaintiff argues that sealing ensures compliance with its contractual obligations as well. (*Id.*) For the reasons set forth below, the Court GRANTS Plaintiff's administrative motion in part and DENIES Plaintiff's administrative motion in part.

# DISCUSSION

## I. Legal Standard

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts generally apply a "compelling reasons" standard when considering motions to seal documents, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted). "A request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard[.]" *In re NVIDIA Corp. Derivative Litigation*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law," or "sealable." N.D. Cal. Civ. L.R. 79-5(b). Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *Exeltis USA Inc.*, 2020 WL 2838812, at *1; *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *4-5 (N.D. Cal. June 30, 2015).

## II. Second Administrative Motion to Seal

Plaintiff seeks to seal the identities of certain third parties to this litigation, as well as portions of Paragraphs 2, 17, 22-27, 37, 45, 46, 84, and 92 in the complaint.

### A. Third Parties

Regarding the identities of third parties, the Court previously stated in its Order regarding Plaintiff's first administrative motion that efforts to seal the name of Plaintiff's longtime client fall

2

short because "merely mentioning a party with whom Plaintiff has done business or worked together does not offer a compelling reason to seal the party's name absent evidence that the name of its long-time client is a trade secret." (Dkt. No. 10 at 3.)  In its second motion, Plaintiff has failed to provide a compelling reason that the identities of third parties it seeks to seal are trade secrets or other forms of confidential business information that warrant sealing.

In her declaration in support of Plaintiff's second motion, Ms. De Mory argues that "revealing the identity of [the] client in the context of this [c]omplaint would inherently mean that the client's trade secret information would be revealed[.]" (Dkt. No. 11-1 ¶ 7.)  For this same reason Plaintiff requests that the name of the third party who filed a declaratory judgment action also remain sealed, because communications with this party "were the result of the licensing and enforcement strategy developed between [Plaintiff] and its longtime client." (*Id.* ¶ 8.)  Finally, Plaintiff requests that "the name of and any discussion regarding the entity that purchased the assets [from the longtime client] should also be sealed from the [c]omplaint." (*Id.* ¶ 10). Plaintiff's arguments in favor of sealing the third parties' identities relies on the context and content of *other* potentially sealable material in the complaint rather than the sealable nature of the parties' names, and do not offer a compelling reason for sealing the names of these third-parties themselves.  While litigants "may file under seal contracts with third parties that contain proprietary and confidential business information," *Finisar*, 2015 WL 3988132, at *5, Plaintiff has not shown that the names of the third-parties listed in the complaint constitute a trade secret or confidential business information.

At bottom, the identities of third-parties are distinct from the potentially sealable and confidential content of their agreements and negotiations, *see Exeltis*, 2020 WL 2838812, at *1, or a complaint's discussion of their business models and strategies, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2.  While Plaintiff "has developed a set of business models and strategies that derive value from their being not generally known," this does not provide a compelling reason to seal the names of third-parties identified in the complaint.  (Dkt. No. 11-1 ¶ 3.)

**B. Complaint Paragraphs**

The complaint's mention of a term from the Consulting Agreement between Plaintiff and Defendant North Forty Consulting LLC reflects confidential business information and dealings between the parties that is not intended for public disclosure, and therefore warrants sealing. (Dkt. No. 11-3 ¶ 2.) *See Finistar Corp.*, 2015 WL 3988132, at *4. Descriptions of Plaintiff's own efforts to develop a patent licensing program ("Licensing Program") with its longtime client, however, are undeserving of seal because they do not name any patent with sufficient specificity to provide competitors with any advantage, or give any specific details about the Licensing Program's enforcement strategy. (*Id.* at ¶ 17.) Plaintiff's descriptions of Defendant's negotiated performance "[u]nder the Consulting Agreement", statements of what Defendant was authorized to do with Plaintiff's pre-approval, and direct quotations of provisions from the Consulting Agreement reflect the parties' business strategies such that these descriptions are deserving of seal. (*Id.* at ¶¶ 22-27.)

The complaint's mention of the longtime client's licensing agreement is sealable. (*Id.* at ¶ 37.) *See Exeltis USA Inc.*, 2020 WL 2838812, at *2 ("[L]icense agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfy the "compelling reasons" standard). Under the complaint's first cause of action for declaratory judgment, the statements that reflect Plaintiff's confidential business and contractual agreements with third-parties and the Consulting Agreement deserve seal. (Complaint at ¶¶ 45-46.) *See Finisar*, 2015 WL 3988132, at *5. Under the complaint's sixth cause of action for intentional interference with contractual relations, allegations regarding the agreement between third-parties reflect confidential information and financial terms; therefore, this excerpt is sealable because it references specific terms of the parties' agreement. (Complaint at ¶ 84.) *See Exeltis USA Inc.*, 2020 WL 2838812, at *2. Similarly, regarding the complaint's cause of action for intentional interference with prospective economic damage, descriptions of negotiations between third-parties, as well as the terms of Plaintiff's agreement with its longtime client, deserve seal. (Complaint at ¶ 92.)

4

## CONCLUSION

As set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's second administrative motion to file under seal. Plaintiff shall file an unredacted version of the complaint within seven days of this Order.

**IT IS SO ORDERED.**

Dated: September 21, 2020

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge