BRIAN M. ROTHSCHILD (Bar No. 252573)
DARREN NEILSON (Bar No. 276159)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:     801.532.1234
Facsimile:      801.536.6111
Email:            BRothschild@parsonbehle.com
                     DNeilson@parsonbehle.com

*Attorneys for NORTH FORTY CONSULTING LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BUNSOW DE MORY LLP, a California limited liability partnership,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NORTH FORTY CONSULTING LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | Case No. 3:20-CV-04997<br><br>**NORTH FORTY CONSULTING LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO BUNSOW DE MORY LLP'S COMPLAINT**<br><br>**REDACTED VERSION** |

### I.     ANSWER

Defendant North Forty Consulting LLC ("**North Forty**" or "**Defendant**") by its undersigned counsel, files this Answer to Plaintiff Bunsow De Mory LLP's ("**BDIP**" or "**Plaintiff**") Complaint ("**Complaint**") as follows:

### NATURE OF ACTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies the paragraph.

2. Defendant admits that they entered into the Consulting Agreement and that Defendant agreed to help BDIP's efforts to enforce and monetize the Patents. Plaintiff's summary of Defendant's obligations and payment terms under the Consulting Agreement are oversimplified and based thereon Defendant's deny the remainder of paragraph 2 of the

Complaint.

3. Defendant denies Paragraph 3 of the Complaint.

4. Defendant admits that the Defendant disputes Plaintiff's performance and remaining obligations under the Consulting Agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint regarding Plaintiff's position of its performance and therefore denies the second sentence of Paragraph 4 of the Complaint. Defendant admits that Plaintiff owes it additional sums.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint as to Plaintiffs request for declaratory relief and therefore denies the paragraph. Defendant more fully denies Paragraph 5 of the Complaint.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and therefore denies the paragraph.

7. Defendant admits Paragraph 7 of the Complaint.

## JURISDICTION

8. Defendant admits Paragraph 8 of the Complaint.

9. Defendant admits that a controversy exists between the Parties within the meaning of 28 U.S.C. § 1332 but denies that the Plaintiff is entitled to declaratory relief.

10. Defendant admits Paragraph 10 of the Complaint.

11. Defendant admits Paragraph 11 of the Complaint.

## VENUE

12. Defendant admits Paragraph 12 of the Complaint.

13. Defendant admits Paragraph 13 of the Complaint.

## INTRADISTRICT ASSIGNMENT

14. Defendant admits Paragraph 14 of the Complaint.

# FACTUAL ALLEGATIONS

I. **THE CONSULTING AGREEMENT**

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore denies the paragraph.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies the paragraph.

18. Defendant admits Paragraph 18 of the Complaint.

19. Defendant admits Paragraph 19 of the Complaint.

20. Defendant admits they entered into the Consulting Agreement and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the remainder of paragraph 20 of the Complaint and therefore denies the paragraph.

21. Defendant admits that under the Consulting Agreement, North Forty agreed to provide guidance regarding patent mining, validity, infringement positions, evidence of use development, claim chart preparation and review, identification of potential licensees, and market opportunities. North Forty denies the remainder of Paragraph 21 of the Complaint.

22. Plaintiff misrepresents the Consulting Agreement and therefore Defendant denies Paragraph 22 of the Complaint.

23. Defendant admits that under the Consulting Agreement Defendant agreed to help BDIP's efforts to enforce and monetize the Patents. Plaintiff's summary of Defendant's obligations under the Consulting Agreement are oversimplified and based thereon Defendant's deny the remainder of paragraph 23.

24. Defendant admits that under the Consulting Agreement BDIP agreed to pay Defendant for Defendant's services. Plaintiff's summary of the payment structure under the Consulting Agreement are oversimplified and based thereon Defendant's deny the remainder of

Case No. 3:20-CV-04997                                   ANSWER AND COUNTERCLAIM
PBL\4850-2507-9244.v1-9/21/20

paragraph 24.

25.     Defendant admits that under the Consulting Agreement BDIP agreed to pay Defendant for Defendant's services. Plaintiff's summary of the payment structure under the Consulting Agreement are oversimplified and based thereon Defendant's deny the remainder of paragraph 25.

26.     Defendant admits that under the Consulting Agreement BDIP agreed to pay Defendant for Defendant's services. Plaintiff's summary of the payment structure under the Consulting Agreement are oversimplified and based thereon Defendant's deny the remainder of paragraph 26.

27.     Defendant admits Paragraph 27 of the Complaint.

28.     Defendant admits Paragraph 28 of the Complaint.

## II.    THE COMCAST LITIGATION AND EVENTUAL PATENT SALE

29.     Defendant admits Paragraph 29 of the Complaint.

30.     Defendant admits Paragraph 30 of the Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and therefore denies the paragraph.

32.     Defendant denies Paragraph 32 of the Complaint.

33.     Defendant denies Paragraph 33 of the Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint and therefore denies the paragraph.

35.     Defendant denies Paragraph 35 of the Complaint.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Complaint and therefore denies the paragraph.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint and therefore denies the

paragraph.

38. Defendant admits Paragraph 38 of the Complaint.

39. Defendant admits that a dispute existed between North Forty and BDIP regarding whether North Forty was entitled to a Success Fee in the event of a sale of the Patents and the amount of North Forty's Success Fee associated with the Comcast License became part of that dispute and denies the remainder of Paragraph 39 of the Complaint.

40. Defendant denies Paragraph 40 of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint and therefore denies the paragraph.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint and therefore denies the paragraph.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint and therefore denies the paragraph.

**FIRST CAUSE OF ACTION**
**Declaratory Judgement**
**28 U.S.C. §§ 2201 – 2202, Cal. Code Civ. Proc. § 1060**

44. Defendant refers to and incorporates its responses, answers, and denials to all preceding paragraphs as if fully re-alleged herein.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint and therefore denies the paragraph.

46. Defendant denies Paragraph 46 of the Complaint.

47. Defendant denies Paragraph 47 of the Complaint.

48. Defendant admits Paragraph 48 of the Complaint.

49. Defendant denies Paragraph 49 of the Complaint.

50. Defendant denies Paragraph 50 of the Complaint.

-5-

51. Defendant denies Paragraph 51 of the Complaint.

## SECOND CAUSE OF ACTION
### Declaratory Judgement
### 28 U.S.C. §§ 2201 – 2202, Cal. Code Civ. Proc. § 1060

52. Defendant refers to and incorporates its responses, answers, and denials to all preceding paragraphs as if fully re-alleged herein.

53. Plaintiff mischaracterizes Defendant's statements on therefore Defendant denies Paragraph 53 of the Complaint.

54. Defendant admits Paragraph 54 of the Complaint.

55. Defendant denies Paragraph 55 of the Complaint.

56. Defendant admits Paragraph 56 of the Complaint.

57. Defendant denies Paragraph 57 of the Complaint.

## THIRD CAUSE OF ACTION
### Declaratory Judgement
### 28 U.S.C. §§ 2201 – 2202, Cal. Code Civ. Proc. § 1060

58. Defendant refers to and incorporates its responses, answers, and denials to all preceding paragraphs as if fully re-alleged herein.

59. Defendant denies Paragraph 59 of the Complaint.

60. Defendant denies Paragraph 60 of the Complaint.

61. Defendant denies Paragraph 61 of the Complaint.

62. Defendant denies Paragraph 62 of the Complaint.

63. Defendant denies Paragraph 63 of the Complaint.

64. Defendant denies Paragraph 64 of the Complaint.

65. Defendant denies Paragraph 65 of the Complaint.

66. Defendant denies Paragraph 66 of the Complaint.

67. Defendant denies Paragraph 67 of the Complaint.

68. Defendant denies Paragraph 68 of the Complaint.

69. Defendant denies Paragraph 69 of the Complaint.

## FOURTH CAUSE OF ACTION
### Breach of Contract

**Cal. Common Law, Cal. Code Civ. Proc. § 3300**

70. Defendant refers to and incorporates its responses, answers, and denials to all preceding paragraphs as if fully re-alleged herein.

71. Defendant admits Paragraph 71 of the Complaint.

72. Defendant denies Paragraph 72 of the Complaint.

73. Defendant denies Paragraph 73 of the Complaint.

74. Defendant denies Paragraph 74 of the Complaint.

75. Defendant denies Paragraph 75 of the Complaint.

**FIFTH CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**Cal. Common Law**

76. Defendant refers to and incorporates its responses, answers, and denials to all preceding paragraphs as if fully re-alleged herein.

77. Defendant admits Paragraph 77 of the Complaint.

78. Defendant admits Paragraph 78 of the Complaint.

79. Defendant denies Paragraph 79 of the Complaint.

80. Defendant denies Paragraph 80 of the Complaint.

81. Defendant denies Paragraph 81 of the Complaint.

82. Defendant denies Paragraph 82 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Intentional Interference with Contractual Relations**
**Cal. Common Law**

83. Defendant refers to and incorporates its responses, answers, and denials to all preceding paragraphs as if fully re-alleged herein.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84 of the Complaint and therefore denies the paragraph.

85. Defendant admits Paragraph 85 of the Complaint.

86. Defendant denies Paragraph 86 of the Complaint.

87. Defendant denies Paragraph 87 of the Complaint.

88. Defendant denies Paragraph 88 of the Complaint.

89. Defendant denies Paragraph 89 of the Complaint.

90. Defendant denies Paragraph 90 of the Complaint.

### SEVENTH CAUSE OF ACTION
### International Interference with Prospective Economic Advantage
### Cal. Common Law

91. Defendant refers to and incorporates its responses, answers, and denials to all preceding paragraphs as if fully re-alleged herein.

92. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Complaint and therefore denies the paragraph.

93. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 of the Complaint and therefore denies the paragraph.

94. Defendant denies Paragraph 94 of the Complaint.

95. Defendant denies Paragraph 95 of the Complaint.

96. Defendant denies Paragraph 96 of the Complaint.

97. Defendant denies Paragraph 97 of the Complaint.

98. Defendant denies Paragraph 98 of the Complaint.

99. Defendant denies Paragraph 99 of the Complaint.

### EIGHTH CAUSE OF ACTION
### Unfair Competition
### Cal. Bus. & Prof. Code § 17200 *et seq.*

100. Defendant refers to and incorporates its responses, answers, and denials to all preceding paragraphs as if fully re-alleged herein.

101. Defendant denies Paragraph 101 of the Complaint.

102. Defendant denies Paragraph 102 of the Complaint.

103. Defendant denies Paragraph 103 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the judgment sought set forth in paragraphs

A-J of the Complaint.

## GENERAL DENIAL

Except as otherwise previously admitted in each paragraph above, North Forty denies each and every allegation contained in the Complaint, including without limitation, the headings and subheadings. North Forty expressly reserves the right to amend and/or supplement this Answer.

## II.     AFFIRMATIVE DEFENSE

Defendant asserts the following additional or affirmative defenses and reserves the right to amend this Answer to assert other and further defenses or affirmative defenses if information developed through discovery or otherwise merits such supplementation. By designating these matters as "affirmative defenses," Defendant does not admit that it bears the burden of pleading, production of proof as to such matters, or that such matters are not elements that the Plaintiff must affirmatively establish in order to prove the claims asserted in the Complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

**Waiver, Acquiescence, Unclean Hands, and Estoppel**. Each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, unclean hands, and estoppel.

### Third Affirmative Defense

**Latches**. Each of the purported claims set forth in the Complaint is barred by the doctrines of latches.

### Fourth Affirmative Defense

**Acts of Plaintiff**.  On information and belief, the damages, if any, that were allegedly sustained by Plaintiff as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff, its agents, predecessors, and/or related entities.

**Fifth Affirmative Defense**

**Actions of Other**. The claims made in the Complaint are barred, in whole or in part, because the Defendant is not liable for the acts of others over whom it has no control.

**Sixth Affirmative Defense**

**No Damage**. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against the Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**Seventh Affirmative Defense**

**Plaintiff's Prior Breach**. Plaintiff's prior breach of the Consulting Agreement prevents Plaintiff from asserting or profiting from breach, if any, of Defendant.

**Eighth Affirmative Defense**

**Course of Performance/Modification by Performance or Agreement**. Defendant's performance under the Consulting Agreement was consistent with the contract as modified by the parties' agreement and/or course of performance.

### III. COUNTERCLAIMS

1. North Forty Consulting LLC ("**North Forty**" or "**Counterclaimant**"), by and through their undersigned counsel, seek a judgment against Bunsow De Mory LLP ("**BDIP**") for breach of the Consulting Agreement and other related causes of action.

### NATURE OF ACTION

2. This an action arises out of the breach of contract and related California State law claims.

3. North Forty and BDIP (the "**Parties**") entered into a consulting agreement effective September 1, 2017 (the "**Consulting Agreement**"). Under the terms of the Consulting Agreement, North Forty was to provide consulting services to BDIP and BDIP clients. Generally, North Forty was to provide consulting services to BDIP in the commercial analysis of patents and in the monetization of the same. In exchange for their services to BDIP and BDIP clients, North Forty was to be compensated through a ▮▮▮▮▮▮▮▮▮▮▮▮ as well as a ▮▮▮▮▮

1. ████████████████████████████████████████████████████████████
2. ████████████████████████████████████████████████████████████
3. ████████████████████████████████████████████████████.

4. North Forty's ████████████████████████████████████████
████████████████████████.

5. North Forty maintains that it has performed under the terms of the Consulting Agreement and that BDIP has breached the Consulting Agreement by withholding payments owed to North Forty.

## THE PARTIES

6. North Forty is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 1 Thomas Street, Scarsdale, New York 10583.

7. Upon information and belief, BDIP is a limited liability partnership organized and existing under the law of the State of California, with its principal place of business at 701 El Camino Real, Redwood City, California 94063.

## JURISDICTIONAL STATEMENT

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and the amount at issue exceeds $75.000.

9. The Court has personal jurisdiction over BDIP for at least the following reasons: (i) BDIP's principal place of business is located in the Northern District of California (the "**District**"); (ii) BDIP regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this Judicial District and in this State; and (iii) BDIP initiated this litigation in this District.

10. Moreover, this action arises from the Consulting Agreement that designates the Northern District of California as the exclusive jurisdiction and venue for any dispute between the Parties.

1      11.    Venue is further proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

12.    North Forty, by and through their principals, David Barnes and Aaron Waxler, provides, *inter alia*, Intellectual Property ("**IP**") monetization consulting services.

13.    BDIP provides intellectual services to various clients in the protection and litigation of IP rights and claims.  One of the services BDIP provides for its clients is the mining of information regarding potential infringement by third parties on patents and other IP held by BDIP's clients.

14.    In or around April 2017, BDIP informed North Forty of its interest to use North Forty's monetization consulting services and expertise with respect to some new projects BDIP was about to start with certain number of BDIP's clients.  Specifically, BDIP requested North Forty assist BDIP to identify patents, initial targets, and know-how to move forward toward the monetization and enforcement of a BDIP client's patent portfolio.  North Forty and BDIP entered into that certain Consulting Agreement dated effective as of September 1, 2017.  Under the Consulting Agreement, ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████

15.    

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████

16. Section 1.9 of the Consulting Agreement provides that ███████████ ████████████████████████████████████████████ ███████

17. Section 1.2 of the Consulting Agreement provides that ███████████ ████████████████████████████████████████████ ████████████████ (Emphasis added).

18. BDIP also agreed ████████ ████████████████████████████ ██████████████████████████.

19. Section 3.4 of the Consulting Agreement provides that ███████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ █████████████████████████████

20. One of BDIP clients was L3Harris Technologies ("**Harris**").

21. On behalf of Harris, North Forty, over the course of building a monetization program, identified numerous patents believed to be infringed by several third-party companies.

22. In or around March 2018, North Forty began to send initial notice letters to suspected third-party infringers identified by North Forty.

### I. The Harris Initiated Huawei Litigation

23. North Forty performed a thorough review of suspected third-party infringers of Harris' patents, and Harris, with the support of BDIP and North Forty selected Huawei Device

-13-

USA, Inc., Huawei Device Co., Ltd., Huawei Technologies USA Ltd., Huawei Technologies Co. Ltd., Huawei Enterprise USA Inc., Huawei Technologies Cooperatif U.A. and Huawei Device (Hong Kong) Co., Ltd. (collectively "**Huawei**") as an offensive litigation target.

24. After providing Huawei with proper notice of Harris' claims, on or about October 24, 2018, Harris filed an offensive patent infringement case against Huawei (the "**Huawei Litigation**"). BDIP was counsel of record for the Huawei Litigation.

25. North Forty assisted BDIP prior to and during the Huawei Litigation including, among other things, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

26. Ultimately, Huawei filed a counter claim against Harris, leading to Harris eventually seeking to walk away from the Huawei Litigation with each side, at the suggestion of Harris, dropping their respective claims.

27. North Forty did not receive payment for its time or efforts during the Huawei Litigation.

28. North Forty is informed and believes that BDIP received payment for their legal services through Harris as well payments related to litigation financing.

II.     **The Comcast Initiated Litigation and Acacia Patent Sale**

29. After the settlement of the Huawei Litigation, Harris began actively pursuing divesting the monetization program patents.

30. In or around October 2019, Acacia Research Corporation ("**Acacia**") began negotiations with Harris concerning purchasing the monetization program Harris patents.

31. North Forty once again provided the services in support of the Acacia negotiation and deal, responding to each request Harris made of North Forty, including, without limitation ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

-14-

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

32. As indicated above, during the Acacia negotiation, and at the suggestion and request of Harris, North Forty continued its ongoing negotiations with several third-party companies, including with Comcast regarding a negotiated settlement between Comcast and Harris.

33. On or above December 11, 2019, Comcast filed a declaratory action against Harris (the "**Comcast Litigation**").

34. BDIP, on behalf of Harris never filed an answer or any responsive pleading and, in fact, only filed a Stipulation to Extend time to answer the complaint on March 02, 2020, the same day that Comcast filed its voluntary dismissal of the Comcast Litigation.

35. North Forty and Harris negotiated a settlement with Comcast whereby ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

36. BDIP claimed that North Forty's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that the parties agreed to due to the defensive filing by Comcast. BDIP's interpretation of the Consulting Agreement contradicts the industry standard and what the parties intended. When negotiating the Consulting Agreement, the litigation limitation on the ▓▓▓▓▓▓▓▓ was intended for offensive filings on behalf of BDIP's clients and not defensive filings like the Comcast Litigation. Such an interpretation is consistent with the industry standard and are there to reimburse BDIP should it have to expend legal fees in enforcement of its client's claims.

37. On or about February 21, 2020, Harris, in its sole discretion, entered into an agreement with Acacia in which Acacia was to purchase Harris' patents (the "**Acacia Agreement**"). North Forty provided the services requested in support of the Acacia Agreement.

38. On or about February 27, 2020, BDIP, as an offensive maneuver, provided notice of termination of the Consulting Agreement, indicating their refusal to pay North Forty its

1 ███████ on the Comcast Settlement and for the expected Acacia Agreement.

2       39.    North Forty continued to respond to and support Harris and BDIP relative to the Acacia Agreement, including, at Harris' request, continuing North Forty's ongoing negotiations with certain third-party infringers.

      40.    In or around March 2020, Acacia determined not to proceed with the purchase of the Harris patents under the existing terms of the Acacia Agreement. North Forty is informed and believes that the reason for Acacia's election not to proceed under the terms of the existing Acacia Agreement was due to the economic uncertainty created by the Covid-19 pandemic.

      41.    On or about April 20, 2020, North Forty is informed and believes that Harris, in its sole discretion, agreed to a slightly revised arrangement with Acacia and closed the deal on substantially the same terms as the Acacia Agreement.

      42.    North Forty is informed and believes that ███████████████████████████████████████████████████████ BDIP refuses to pay North Forty its ███████████ for the Acacia Agreement.

### III.   The Landis+Gyr Agreement

      43.    During the Acacia Agreement negotiations and after the notice of termination sent by BDIP, Harris continued to rely on North Forty's expertise and consulting services to the benefit of BDIP.

      44.    On or about ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

      45.    In or around June 2020, the first ███████████████████████. BDIP has refused to pay North Forty its ████████████████████████████████████████████████████████████████████████████████████████████.

**FIRST CAUSE OF ACTION**
**Breach of Contract**
**Cal. Common Law, Cal. Civ. Code § 3300**

      46.    North Forty realleges and incorporates by refence the allegations contained in all

-16-

prior Paragraphs.

47. As described above, North Forty and BDIP entered into the Consulting Agreement.

48. North Forty fully performed its obligations under the Consulting Agreement.

49. BDIP breached its obligations under the Consulting Agreement by, among other things, failing to pay North Forty its ▮▮▮▮▮▮▮ as set forth in ▮▮▮▮▮▮▮ of the Consulting Agreement.

50. As a result of BDIP's breaches of the Consulting Agreement, North Forty has suffered damages in the amount no less than $2,560,000.00.

51. North Forty is entitled to monetary damages for BDIP's breaches of contract.

**SECOND CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**Cal. Common Law**

52. North Forty realleges and incorporates by refence the allegations contained in all prior Paragraphs.

53. California law implies in every agreement a covenant of good faith and fair dealing.

54. North Forty and BDIP entered into the Consulting Agreement.

55. North Forty fully performed its obligations under the Consulting Agreement.

56. BDIP breached the implied covenant of good faith and fair dealing by refusing to pay North Forty the amounts owed to them under the Consulting Agreement for the Comcast Settlement, the Acacia Sale, and the Landis Settlement.

57. North Forty was harmed by BDIP's breach of the implied covenant of good faith and fair dealing.

**THIRD CAUSE OF ACTION**
**Fraudulent Misrepresentation**
**Cal. Civ. Code § 1701**

58. North Forty realleges and incorporates by refence the allegations contained in all prior Paragraphs.

59. BDIP made representations to North Forty concerning payments for work done on

-17-

behalf of BDIP clients.

60. BDIP's representations were false.

61. BDIP knew that the representations were false when they were made or BDIP made the representations recklessly and without regard for its truth.

62. North Forty reasonably relied on BDIP's representations.

63. North Forty has been harmed by its reliance on BDIP's representations.

64. North Forty's reliance on BDIP's representations was a substantial factor in North Forty's damages.

### FOURTH CAUSE OF ACTION
### Conversion
### Cal, Common Law

65. North Forty realleges and incorporates by refence the allegations contained in all prior Paragraphs.

66. North Forty possess a right to the settlement payments made to BDIP for the Comcast Settlement, the Acacia Sale, and the Landis Settlement.

67. BDIP has intentionally interfered with North Forty's property by refusing to make payments to North Forty after North Forty has demanded payment.

68. North Forty has not consented to BDIP's continued possession of North Forty funds.

69. North Forty has been harmed in an amount to be proven at trial and BDIP's actions are a substantial factor in causing North Forty's harm.

### FIFTH CAUSE OF ACTION
### Quantum Meruit
### Cal. Common Law

70. North Forty realleges and incorporates by refence the allegations contained in all prior Paragraphs.

71. In the alternative, should the Consulting Agreement be deemed unenforceable for any reason, North Forty should be entitled to recover of damages on the grounds of goods and services rendered or quantum meruit.

72. BDIP requested those words and conduct that North Forty provide services to BDIP and BDIP's clients for the benefit of BDIP.

73. North Forty performed the services as requested.

74. BDIP has failed to pay for the services provided by North Forty.

75. As such, North Forty has been damaged in an amount no less than $2,560,000.00.

## PRAYER FOR RELIEF

WHEREFORE, NORTH FORTY prays as follows:

A. That judgment be entered for North Forty against BDIP on each of North Forty's causes of action;

B. For an award of damages, together with pre- and post-judgment interest and costs, in an amount according to proof;

C. For an award of punitive damages;

D. For an award of attorney fees and costs; and

E. For such other costs and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

North Forty hereby demands a trial by jury as to all issues so triable in this action.

Dated: 9/21/2020

PARSONS BEHLE & LATIMER

*/s/ Darren Neilson*
By:   BRIAN M. ROTHSCHILD
       DARREN NEILSON
Attorneys for NORTH FORTY CONSULTING LLC