UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUNSOW DE MORY LLP,<br><br>Plaintiff,<br><br>v.<br><br>NORTH FORTY CONSULTING LLC,<br><br>Defendant. | Case No. 20-cv-04997-JSC<br><br>**ORDER RE DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 19 |

Before the Court is Defendant and Counterclaimant's administrative motion to file under seal portions of its answer, and the declaration of Darren Neilson, counsel for Defendant, in support of Defendant's administrative motion. (*See* Dkt. No. 19).

Defendant now seeks to file under seal excerpts of the answer that contain or reflect confidential information and materials. Defendant alleges that its requests are narrowly tailored in light of this Court's previous order approving Plaintiff's second administrative motion to file under seal. (Dkt. No. 17). For the reasons set forth below, the Court GRANTS Defendant's administrative motion in part and DENIES Defendant's administrative motion in part.

I.   **Legal Standard**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts generally apply a "compelling reasons" standard when considering motions to seal documents, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party

"establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law," or "sealable." N.D. Cal. Civ. L.R. 79-5(b). Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *Exeltis USA Inc.*, 2020 WL 2838812, at *1; *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *4-5 (N.D. Cal. June 30, 2015).

## II.     Administrative Motion to File Under Seal

Defendant seeks to seal paragraphs of the answer that concern the parties' consulting agreement. (Dkt. No. 19-4 at 10-13 ¶¶ 3-4, 14-19; 15-17 ¶¶ 36, 38, 42, 45, 49.) As with the complaint, the answer's explicit references to terms from the consulting agreement between Plaintiff and Defendant reflect confidential business information and dealings between the parties that are not intended for public disclosure, and therefore warrant sealing. *See Finistar Corp.*, 2015 WL 3988132, at *4. Descriptions of how Defendant assisted Plaintiff in the Huawei litigation, however, are undeserving of seal because they do not name any patent with sufficient specificity to provide competitors with any advantage, nor do they provide any specific details regarding the "technical and commercial discussions" with Huawei that reflect the parties' business models, strategy, or financial terms. (Dkt. No. 19-4 at 14 ¶ 25). *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2; *Exeltis USA Inc.*, 2020 WL 2838812, at *1.

Similarly, the answer's discussion of work Defendant performed for L3Harris Technologies ("Harris") during its negotiation with Acacia Research Corporation ("Acacia") does not warrant sealing because it simply summarizes Defendant's conduct without reference to how—if at all—this conduct was the result of confidential negotiations between Defendant and Harris, *see Exeltis USA Inc.*, 2020 WL 2838812, at *1, or what patents specifically had their "value and viability" evidenced by the mentioned licensing discussions with Comcast Cable Communications ("Comcast") and Landis+Gyr Inc ("Landis+Gyr"). (Dkt. No. 19-4 at 14-15 ¶

2

31.)  Mention in this paragraph of how Defendant provided claim charts and "illustrative financial and economic models," as well as "Acacia requested communications between North Forty and Comcast" does not make the requested redaction worthy of seal because this provides no insight into specific terms of the licensing discussions, models, or communications that would harm the parties' competitive standing.  *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2.

However, reference to terms from the settlement Defendant and Harris negotiated with Comcast reflects confidential business information and warrants sealing.  (Dkt. No. 19-4 at 15 ¶ 35.)  The answer's reference to the terms of Defendant's license agreement with Landis+Gyr, as well as how this affected the parties' relationship under the consulting agreement, concerns confidential licensing negotiations and financial terms that are deserving of seal.  (Dkt. No. 19-4 at 16 ¶ 44.)  *See Exeltis USA Inc.*, 2020 WL 2838812, at *1.

## CONCLUSION

As set forth above, the Court GRANTS in part and DENIES in part Defendant's administrative motion to file under seal.  Defendant shall file an unredacted version of the answer within seven days of this Order.

**IT IS SO ORDERED.**

Dated: October 19, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge