1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    BUNSOW DE MORY LLP,                    Case No. 20-cv-04997-JSC

8              Plaintiff,

9         v.                                **ORDER RE DEFENDANT'S
                                            ADMINISTRATIVE MOTION TO FILE
10   NORTH FORTY CONSULTING LLC,            UNDER SEAL**

             Defendant.                     Re: Dkt. No. 28
11

12         Before the Court is Defendant and Counterclaimant's administrative motion to file under

13   seal portions of its amended answer, and the declaration of Darren Neilson, counsel for Defendant,

14   in support of Defendant's administrative motion.  (*See* Dkt. No. 28).

15         Defendant now seeks to file under seal excerpts of the amended answer that contain or

16   reflect confidential information and materials.  Defendant alleges that its requests are narrowly

17   tailored in light of this Court's previous order regarding its first administrative motion to file under

18   seal.  (Dkt. No. 26).  For the reasons set forth below, the Court GRANTS Defendant's

19   administrative motion.

20   **I.      Legal Standard**

21         There is a presumption of public access to judicial records and documents.  *Nixon v.*

22   *Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978).  Courts generally apply a "compelling

23   reasons" standard when considering motions to seal documents, recognizing that "a strong

24   presumption in favor of access is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447

25   F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted).

26         Civil Local Rule 79-5 supplements the "compelling reasons" standard.  *Exeltis USA Inc. v.*

27   *First Databank, Inc*., Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1,

28   2020).  Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party

United States District Court
Northern District of California

1    "establishes that the document, or portions thereof is privileged or protectable as a trade secret or

2    otherwise entitled to protection under the law," or "sealable."  N.D. Cal. Civ. L.R. 79-5(b).

3    Confidential business information in the form of "license agreements, financial terms, details of

4    confidential licensing negotiations, and business strategies" satisfies the "compelling reasons"

5    standard.  *Exeltis USA Inc.*, 2020 WL 2838812, at *1; *see also In re Qualcomm Litig.*, No. 3:17-

6    cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is

7    warranted to prevent competitors from "gaining insight into the parties' business model and

8    strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *4-5

9    (N.D. Cal. June 30, 2015).

10   **II.      Administrative Motion to File Under Seal**

11          Defendant seeks to seal paragraphs of the answer that concern the parties' consulting

12   agreement.  (Dkt. No. 28-4 at 10-11 ¶¶ 3-4; 12-13 ¶¶ 18-23; 15 ¶¶ 39-40; 16 ¶ 45; 17 ¶¶ 47, 51;

13   17-18 ¶¶ 54-55, 59; 19 ¶ 70.)  Explicit references to terms from the consulting agreement between

14   Plaintiff and Defendant reflect confidential business information and dealings between the parties

15   that are not intended for public disclosure, and therefore warrant sealing.  *See Finistar Corp.*, 2015

16   WL 3988132, at *4.    Similarly, references to licenses and the parties' business models are

17   deserving of seal.  (Dkt. No. 28-4 at 16 ¶¶ 42-43.)  *See Exeltis*, 2020 WL 2838812, at *1; *In re*

18   *Qualcomm Litig.*, 2017 WL 5176922, at *2.  The answer's reference to the terms of Defendant's

19   license agreement with Landis+Gyr Inc. likewise concerns confidential licensing negotiations and

20   financial terms that are deserving of seal.  (Dkt. No. 19-4 at 17 ¶ 53.)  *See Exeltis USA Inc.*, 2020

21   WL 2838812, at *1.

                                              **CONCLUSION**

23          As set forth above, the Court GRANTS Defendant's second administrative motion to file

24   under seal.  Pursuant to N.D. Cal. Civ. L.R. 79-5(f)(1), the confidential material in Defendant's

25   amended answer will remain under seal.

26

27          **IT IS SO ORDERED.**

28   Dated: October 22, 2020

United States District Court
Northern District of California

1

2

3    JACQUELINE SCOTT CORLEY
     United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California