1  BRIAN M. ROTHSCHILD (Bar No. 252573)
   DARREN NEILSON (Bar No. 276159)
2  PARSONS BEHLE & LATIMER
   201 South Main Street, Suite 1800
3  Salt Lake City, Utah 84111
   Telephone:     801.532.1234
4  Facsimile:     801.536.6111
   Email:          BRothschild@parsonbehle.com
5                  DNeilson@parsonbehle.com

6  *Attorneys for NORTH FORTY CONSULTING LLC*

7

8                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
9                       **SAN FRANCISCO DIVISION**

10

11  BUNSOW DE MORY LLP, a California          Case No. 3:20-CV-04997
    limited liability partnership,
12                                            **NORTH FORTY CONSULTING LLC'S**
              Plaintiff and Counterclaim      **NOTICE OF MOTION AND MOTION**
13            Defendant,                       **UNDER FED. R. CIV. P. 60(b) FOR**
                                              **RELIEF FROM PROVISIONS OF**
14        v.                                  **ORDER RE: PLAINTIFF'S MOTION**
                                              **FOR JUDGMENT ON THE PLEADINGS**
15  NORTH FORTY CONSULTING LLC, a             **& ADMINISTRATIVE MOTIONS TO**
    Delaware limited liability company,       **SEAL**
16
              Defendant and                   Filing Date: July 24, 2020
17            Counterclaimant.                Trial Date:   December 6, 2021
18
                                              Hearing Date: March 18, 2021
19                                            Hearing Time: 9:00 am
                                              Courtroom: E, 15th Floor
20                                            Judge: Hon. Jacqueline Corley, M.J.

21

22

23

24

25

26

27

28
                                       -1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**  Please take notice that on **March 18, 2021 at 9:00 am (PST)**, before the Honorable Magistrate Judge Jacqueline Scott Corley in the United States District Court for the Northern District of California, Courtroom E, located on the 15th Floor of the San Francisco Courthouse at 450 Golden Gate Avenue, San Francisco, California 94102, or via remote access at the Court's preference pursuant to the Northern District of California's guidelines regarding the COVID-19 pandemic, Defendant and Counterclaimant North Forty Consulting LLC ("**North Forty**"), by and through counsel, hereby move (the "**Motion**") for an order under Federal Rules of Civil Procedure 60(b) for relief from provisions of the order granting in part and denying in part Bunsow De Mory LLP's ("**BDIP**") motion for judgment on the pleadings (the "**Motion for Judgment on the Pleadings**") [Docket No. 35].  As set forth more fully in the accompanying Memorandum of Points and Authorities, the Court's ruling departed from its oral ruling at the hearing, prejudicing North Forty's attempts to amend its Complaint.   Given the difference between the Court's oral ruling at the hearing and the entered order and the prejudice to North Forty, North Forty has filed the within Motion.

  Dated:  02/10/2021                                PARSONS BEHLE & LATIMER

                                                            */s/ Darren Neilson*

                                              By:        BRIAN M. ROTHSCHILD
                                                            DARREN NEILSON
                                                            Attorneys for NORTH FORTY
                                                            CONSULTING LLC

-1-

NOTICE OF MOTION AND MOTION UNDER FED.
R. CIV. P. 60(b) FOR RELIEF FROM PROVISIONS
OF ORDER

### MEMORANDUM OF POINTS AND AUTHORITIES

I.      **INTRODUCTION AND STATEMENT OF FACTS AND PROCEDURAL HISTORY**

1.      On September 22, 2020, North Forty filed its Answer, Affirmative Defenses, and Counterclaims to BDIP's Complaint ("**Counterclaim**") [Docket No. 18].  After discussions with counsel for BDIP and prior to BDIP's answer to the Complaint, North Forty filed its First Amended Answer, Affirmative Defenses, and Counterclaims to BDIP's Complaint ("**First Amended Counterclaim**") [Docket No. 27].

2.      On October 23, 2020, the Court entered its Pretrial Order setting, among other things, January 8, 2021 as the deadline to move to amend pleadings.

3.      On November 19, 2020 BDIP filed its Motion for Judgment on the Pleadings [Docket No. 35], initially setting the hearing for December 24, 2020.

4.      The Court moved the hearing on the Motion for Judgment on the Pleadings from December 24, 2020 to January 07, 2021.  The Court then moved the hearing one more time from January 07, 2021 to its current schedule of January 14, 2021.

5.      BDIP's Motion for Judgment on the Pleadings requested and order granting judgment on the pleadings for BDIP's first and second claims for relief.

6.      North Forty, in its Opposition to BDIP's Motion for Judgment on the Pleadings requested that should the Court grant BDIP's Motion for Judgment on the Pleadings, North Forty be allowed to amend the First Amended Counterclaim.

7.      In an abundance of caution, North Forty field a Motion for Leave to File a Second Amended Counterclaim ("**Motion for Leave to Amend**") [Docket No. 50], setting a hearing date of February 18, 2021.

-2-

NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 60(b) FOR RELIEF FROM PROVISIONS OF ORDER

Case No. 3:20-CV-04997

8.      At the January 14, 2021 hearing on the Motion for Judgment on the Pleadings (the "**Hearing**"), the Court orally ruled granting BDIP's Motion for Judgment on the Pleadings on both its first cause of action and its second cause of action.  With regards to the second cause of action, the Court orally allowed North Forty the right to amend its pleadings.  Furthermore, the Court also ruled that North Forty's Motion for Leave to Amend was now moot in light of the Court's ruling.

9.      On or about January 22, 2021, the Court entered its order on the Motion for Judgment on the Pleadings in which the Court granted BDIP's motion for judgment on the pleadings as to the first cause of action and denied as to the second cause of action (the "**Modified Order**").  The Court went further in its Modified Order and further narrowed North Forty's counterclaim that the ▮▮▮▮▮▮▮ paid to BDIP on the Acacia sale as complained by North Forty only applied to the February 2020 agreement and not the April 20, 2020 agreement.  This is despite North Forty specifically making the argument at the hearing that the Acaicia deal was "paused" and not two separate deals.

10.     The issues pointed out by the Court at the hearing as to the limits in North Forty's pleadings were going to be amended and fixed by North Forty.  Furthermore, as the Court had granted North Forty's request to amend, North Forty did not raise additional arguments in support of amendment to the First Amended Counterclaim.  The Court's departure from its oral ruling prejudices North Forty as it lost its hearing on the Motion to Amend and also lost its right to amend as allowed by the Court at the hearing on BDIP's Motion for Judgment on the Pleading.

As such the modified order should be vacated under FRCP 60(b).

## II.      ARGUMENT

Federal Rules of Civil Procedure 60(b) Allows the Court to Vacate or Reconsider and Amend the Modified Order.

-3-

NOTICE OF MOTION AND MOTION UNDER FED. R. CIV. P. 60(b) FOR RELIEF FROM PROVISIONS OF ORDER

FRCP 60(b) provides, in relevant part, as follows:

**Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; [or] . . .

(6) any other reason that justifies relief.

A motion filed pursuant to Rule 60(b)(6) ("any other reason justifying relief") must be brought within a reasonable time. *In re Pac. Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989). The Debtor timely brought this Motion within fourteen days after the entry of the Modified Order.

The Court should allow North Forty to amend is First Amended Counterclaim to add additional information in the possession of North Forty with regards to the Acacia deal. The Modified Order incorrectly reversed the Court's ruling at the Hearing and was without notice to North Forty causing surprise on the part of North Forty. The deadline to move the court for to amend the pleadings has passed, and North Forty relied on the Court's oral ruling at the Hearing to not pursue its Motion to Amend. North Forty has been prejudiced by the Modified Order. The Modified Order Departs from the Court's Ruling at the Hearing and North Forty Should be Allowed to Amend it Pleadings.

The Modified Order is a reversal of the Court's ruling at the Hearing on the BDIP's Motion for Judgment on the Pleadings. The Court's oral ruling at the Hearing should be enforced and North Forty should be allowed to amend its First Amended Counterclaim.

In general, "[t]he court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading[.]" Cal. Civ. Proc. Code § 473(a)(l); see also Cal. Civ. Proc. Code § 576 2 ("Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading."). "There is a strong policy in favor of liberal allowance of amendments." *Mesler v. Bragg Mgmt.*

-4-

NOTICE OF MOTION AND MOTION UNDER FED.
R. CIV. P. 60(b) FOR RELIEF FROM PROVISIONS
OF ORDER

*Co.,* 39 Cal. 3d 290, 296 (1985). If the granting of a timely motion for leave to amend "will not prejudice the opposing party, it is error to refuse permission to amend, and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action[;] it is not only error but an abuse of discretion." *Morgan v. Super.* Ct., 172 Cal. App. 2d 527, 530 (1959) (finding that the trial court acted arbitrarily and abused its discretion when it denied a motion for leave to file an amended complaint that was filed before a trial date had been set).

Given the departure between the Court's oral ruling at the Hearing and the Modified Order, and the strong policy in favor of the liberal allowances of amendments, the Court should modify the Modified Order and allow North Forty to amend if First Amended Counterclaim.

## CONCLUSION

For the reasons stated above North Forty requests that the Court modify the Modified Order to provide that North Forty has fourteen (14) days from the entry of the modified Modified Order to file a second amended answer and counterclaim as to the Acacia deal.  The Modified Order goes beyond, and in fact reverses, the ruling made by the Court at the Hearing, has significant implications for the North Forty, is unsupported by a noticed motion or opportunity to be heard, has caught North Forty by surprise, and is against the liberal public policy of granting amendments to pleadings.

Dated:  02/10/2021                                        PARSONS BEHLE & LATIMER

                                                                      */s/ Darren Neilson*
                                                         By:        BRIAN M. ROTHSCHILD
                                                                      DARREN NEILSON
                                                                      Attorneys for NORTH FORTY
                                                                      CONSULTING LLC

NOTICE OF MOTION AND MOTION UNDER FED.
R. CIV. P. 60(b) FOR RELIEF FROM PROVISIONS
Case No. 3:20-CV-04997                                OF ORDER