SINGER CASHMAN LLP
  Benjamin L. Singer (Bar No. 264295)
  bsinger@singercashman.com
  Walter C. Pfeffer (Bar No. 289421)
  wpfeffer@singercashman.com
505 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:     (415) 500-6080
Facsimile:      (415) 500-6080

*Attorneys for Bunsow De Mory LLP*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISON

| | |
|---|---|
| BUNSOW DE MORY LLP, a California limited liability partnership,<br><br>　　　Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>NORTH FORTY CONSULTING LLC, a Delaware limited liability company,<br><br>　　　Defendant and Counterclaimant. | CASE NO. 3:20-CV-04997<br><br>**OPPOSITION TO MOTION FOR RELIEF FROM PROVISIONS OF ORDER RE: PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Filing Date:　July 24, 2020<br>Trial Date:　　December 6, 2021<br><br>Hearing Date: March 18, 2021<br>Hearing Time: 9:00 a.m.<br>Courtroom:　　E, 15th Floor<br>Judge:　　Hon. Jacqueline Corley, M.J. |

North Forty Consulting LLC ("North Forty") has not identifed any basis from which the Court could conclude that it is entitled to relief under Rule 60(b). Its motion identifies neither an excusable litigation mistake nor a mistake of law or fact in the Court's Order on Bunsow De Mory LLP's ("BDIP") Motion for Judgment on the Pleadings.  To the contrary, from the inception of this case, North Forty repeatedly alleged and affirmed the key fact it now seeks to distance itself from: that Acacia terminated the tentative February 2020 deal before a new deal was reached in April 2020.  Rule 60(b) provides no basis for undoing the Court's Order.  As a result, North Forty's Motion Under Federal Rule of Civil Procedure 60(b) (Dkt. 57-4) ("Motion") must be denied.

# I. FACTUAL BACKGROUND

### A. The Closed Pleadings Leave No Doubt That Acacia Terminated The February Deal

On July 24, 2020, BDIP filed its Complaint (Dkt. 1) averring that "Acacia pulled out of the [February] deal on March 15, 2020, and the Prospective Acacia Deal did not close."  Compl. ¶ 41.

On September 21, 2020, North Forty answered the Complaint and filed counterclaims admitting that: "In or around March 2020, Acacia determined not to proceed with the purchase of the Harris patents under the existing terms of the Acacia Agreement."  Countercl. (Dkt. 18, 19-4) ¶ 40.[1]

On October 19, 2020—having had nearly three full months to investigate the salient facts—North Forty repeated this admission in its Amended Answer and Counterclaims. Dkt. 27, 28-4, ¶ 49.

On November 2, 2020, the pleadings closed when BDIP filed its Answer to North Forty's Amended Counterclaims and responded that "Plaintiff admits that the Acacia deal did not close in or around March 2020."  BDIP Answ. to Am. Countercl. (Dkt. 33) ("BDIP Answ.") ¶ 49.

By the time the pleadings closed, the parties had confirmed on four separate occasions over four months that Acacia terminated the February deal and it never closed.

//
//
//

---

[1] Apparently uncertain of the precise day on which Acacia terminated the February deal, North Forty answered Paragraph 41 of the Complaint as follows: "Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41."  Answer (Dkt. 18, 19-4) ¶ 41.

### B. The Parties' Briefing On BDIP's Motion For Judgment On The Pleadings Confirms North Forty's Admission That Acacia Terminated The February Deal

On November 19, 2020, with the pleadings closed, BDIP filed its Motion for Judgment on the Pleadings (Dkt. 35, 34-4) ("MJP") seeking, *inter alia*, judgment that North Forty was not entitled to a success fee on the Acacia deal because: (1) the February agreement in principal never led to a deal because Acacia terminated during the due diligence period; and (2) the agreement reached with Acacia in April occurred after the Consulting Agreement terminated.  MJP at 7.  Indeed, BDIP quoted North Forty's Counterclaim and Amended Counterclaim to argue that "there is no dispute that '[i]n or around March 2020, Acacia determined not to proceed with the purchase of the Harris patents' and the deal terminated."  MJP at 3–4.  BDIP further argued that "North Forty's Amended Counterclaim explicitly states that the Acacia sale occurred '[o]n or about April 20, 2020,' nearly a month after the Consulting Agreement was terminated" and that "[b]ecause the Acacia sale occurred after the Consulting Agreement was terminated, BDIP had no obligation to pay North Forty a success fee."  MJP at 7–8.

When BDIP filed its Motion for Judgment on the Pleadings—explicitly identifying the legal consequences of North Forty's repeated admission that Acacia elected not to close on the February term sheet—the January 8, 2021 deadline to move to amend pleadings was still nearly two months away.  *See* Oct. 23, 2020 Pretrial Order at 1 ("Pretrial Order").  But North Forty did not seek to amend, and still has never sought to amend, this dispositive admission.

On December 14, 2020, North Forty filed its Opposition to BDIP's MJP (Dkt. 41, 40-4) ("Opposition").  The Opposition offered many reasons why judgment should not be entered against North Forty on the Acacia success fee, but it never even intimated that Acacia may not have actually terminated the February deal.  *Id.* at 11–13.  To the contrary, North Forty cited specifically to the paragraph in its Amended Counterclaim stating that the February 2020 Acacia deal did not close.  *Id.* at 6.  Despite the fact that BDIP had spelled out the exact consequences of Acacia's termination of the February 2020 deal, North Forty's Opposition yet again confirmed that "[i]n or around March 2020, Acacia determined not to proceed with the transfer of Harris' ownership rights in the patents

(i.e., the acquisition of the patents) under the existing financial terms of the Acacia Patent Agreement due to the economic uncertainty created by the Covid -19 pandemic (Am. Countercl. ¶ 49)." Opp. at 6.

North Forty's election to double-down on its admission that Acacia terminated the February deal is underscored by the fact that North Forty apparently gave great consideration to how it wished to amend its pleadings if the Court granted BDIP's motion. In fact, North Forty's Opposition both (1) asked the Court to consider extensive facts outside the pleadings (*See* Decl. of Dave Barnes in Supp. of Opp. (Dkt. 40-4) ¶¶ 4–10, Exs. A–E) and (2) asked for leave to amend its pleadings to add these facts were the Court inclined to grant BDIP's motion. Incredibly, none of North Forty's new facts bore any connection to its admission that the February deal never closed. *See id.*

BDIP filed its Reply on January 4, 2021. Reply in Supp. of MJP (Dkt. 45, 44-4) ("Reply"). BDIP's Reply *again* highlighted the fact that "[t]he parties agree that Harris and Acacia entered into a patent sale agreement on Feburary 21, 2020 but that Acacia backed out of the deal in March 2020…." Reply at 6; *see also id.* ("But, as North Forty admits, this first [Acacia] contract was terminated before the end of the diligence period and before any payments were made.").

**C. North Forty's Motion For Leave To Amend Its Counterclaim Contains No Indication That It Was Asking To Withdraw Its Admission**

On January 8, 2021, the deadline to move for leave to amend, North Forty filed a Motion to File Second Amended Counterclaim (Dkt. 50). In violation of Northern District of California Local Rule 10-1, North Forty failed to provide the Court with its proposed amended pleading. In fact, North Forty failed to identify any facts that it would add, remove, or alter in its proposed amendment. *Cf., e.g., Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002 (9th Cir. 2011) (affirming denial of leave to amend where party "[did] not propose any specific allegations that might rectify" the issues in their pleading). Certainly, North Forty made no indication that its proposed amendment could include facts regarding the February 2020 Acacia deal or somehow negate North Forty's repeated allegations and assertions regarding the same. *See* Countercl. ¶ 40; Am. Countercl. ¶ 49; BDIP Answ. ¶ 49; MJP at 3–4, 7–8; Opp. at 6; Reply at 6.

### D. The Court's Tentative Order In BDIP's Favor

On January 14, 2021, the Court heard oral argument on BDIP's Motion for Judgment on the Pleadings. Order re: Plaintiff's Motion for Judgment on the Pleadings & Administrative Motion to Seal (Dkt. 53) ("Order") at 1. At the hearing, the Court informed the parties of its tentative determination to grant BDIP's motion entirely. Declaration of Benjamin Singer in Opposition to Motion for Relief ("Singer Decl.") ¶ 3. With respect to North Forty's right to a success fee from the Acacia deal, the Court's tentative included allowing North Forty to amend if there was a viable theory. *Id.*

Despite the fact that North Forty had failed to identify any such viable theory in either its Opposition or its Motion to File Second Amended Counterclaim, the Court gave North Forty an opportunity at the hearing to come forward with one. *Id.* at at ¶ 4. Now aware that the Court was not persuaded by any of the arguments in its Oppostion, counsel for North Forty offered a new theory that Acacia did not terminate the February 2020 deal (as North Forty had directly stated in its Counterclaims, Amended Counterclaims, and Opposition), but instead the deal was merely somehow "paused." *See* Mot. at 3; Order at 10. After hearing this new theory for the first time, the Court indicated that it would issue a final order in writing. Singer Decl. ¶ 5.

### E. The Court's Janaury 14th Minute Entry

After the hearing, the Court entered a Minute Entry that read: "The Court to issue written order. Defendant's Motion to File Second Amended Counterclaim (Dkt. No. [50]) is granted." Dkt. 51.

### F. The Court's Written Order In BDIP's Favor

On January 22, 2021, the Court issued its Order. With respect to BDIP's second declaratory judgment claim aimed at the disputed Acacia success fee, the Court held:

> For the reasons set forth above … a patent sale agreement between Harris and Acacia did not close until April 20, 2020—approximately one month after the Consulting Agreement was terminated—and therefore BDIP has no obligation to pay North Forty a success fee regarding the April 20, 2020 patent sale agreement.

1  Order at 11–12.  In holding that "BDIP has no obligation to pay North Forty a success fee" on the

2  April Acacia deal (*id.*), the Court rejected North Forty's newly minted "pause" theory because it was

3  incompatble with North Forty's own pleadings:

> At oral argument, North Forty argued that the April 20, 2020 deal between Harris and Acacia was a continuation of the parties' February 2020 deal, and that the COVID-19 pandemic "paused" the deal throughout March.  This argument that the COVID-19 pandemic "paused" an ongoing deal, however, differs from the amended counterclaim's allegation that in March 2020 Acacia "determined not to proceed with the purchase of the Harris patents under the existing terms of the [February 2020]" agreement, and that the COVID-19 pandemic was the "reason [for] Acacia's election not to proceed under the terms" of the parties' February 2020 agreement, and instead execute the April 20, 2020 agreement. … Accordingly, BDIP had no obligation to pay North Forty a success fee regarding the patent sale agreement Harris and Acacia executed on April 20, 2020.

10  Order at 10–11.

11  **II.  LEGAL STANDARD**

12  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of

13  exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

14  Rule 60(b)(1) provides relief in two instances: "(1) when a party has made an excusable

15  litigation mistake … or (2) when the judge has made a substantive mistake of law or fact in the final

16  judgment or order." *Best v. Deutsche Bank National Trust Co.*, No. EDCV 16-02308, 2017 WL

17  6514676, at *3 (C.D. Cal. Jul. 3, 2017); *see also Salinas v. CBC Restaurant Corp.*, 708 Fed. Appx.

18  433, 433 (9th Cir. 2017); *Benson v. JPMorgan Chase Bank, N.A.*, No. C–09–5272 MEJ, 2010 WL

19  4010116, at *4–5 (N.D. Cal. Oct. 13, 2010).

20  Rule 60(b)(6) is a catchall provision that applies only when the reason for granting relief is

21  not covered by any of the other reasons set forth in Rule 60(b).  *United States v. Washington*, 394

22  F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593

23  F.3d 790 (9th Cir. 2010).  "It has been used sparingly as an equitable remedy to prevent manifest

24  injustice and is to be utilized only where extraordinary circumstances prevented a party from taking

25  timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted);

26  *see also Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) ("The party must

- 5 -

OPPOSITION TO MOTION FOR RELIEF FROM PROVISIONS OF ORDER RE: PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 3:20-CV-04997

demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.").

### III. ARGUMENT

**A. North Forty Is Not Asking To Amend; It Is Seeking Relief From The Court's Order**

North Forty's Motion purposely obscures the relief it seeks. In one place it asks that the Order be vacated entirely (Mot. at 2); in another it urges that the "Court's oral ruling should be enforced" (*id* at 4); and in a few others it curiously urges that North Forty should be allowed to amend its counterclaims as to the Acacia deal (Mot. at 4, 5) when the Order at issue offers no consideration of, much less any ruling on, amendment. *See generally* Order.

North Forty knows that amendment is pointless without relief from the Order's well-reasoned holding that "BDIP has no obligation to pay North Forty a success fee regarding the April 20, 2020 patent sale agreement." *Id.* at 11. That is why the Motion criticizes the Court's holding that "North Forty's counterclaim that the success fee paid to BDIP on the Acacia sale as complained by North Forty only applied to the February 2020 agreement and not the April 20, 2020, agreement … despite North Forty specifically making the argument at the hearing that the Acacia deal was 'paused' and not two separate deals." Mot. at 3. It is also why the Motion argues that "[t]he issues pointed out by the Court at the hearing as to the limits in North Forty's pleadings were going to be amended and ***fixed*** by North Forty." *Id*. (emphasis added).

North Forty's misframing aside, this is not about amendment. The pleadings in this case closed, BDIP moved for judgment on the pleadings, and North Forty lost. It lost because the dispositive fact—that Acacia terminated the February deal—was never in dispute. It was not in dispute when North Forty filed its counterclaims; it was not in dispute when North Forty amended those counterclaims; and, most tellingly, it was not in dispute when North Forty filed its Opposition. At this stage, no amount of amendment would resurrect North Forty's misguided efforts to extract an unearned success fee on the April Acacia patent sale. Accordingly, North Forty had no choice but to seek "extraordinary relief" under Rule 60(b). *Engleson*, 972 F.2d at 1044.

### B. North Forty Has Not And Cannot Satisfy Any Prong Of Rule 60(b)

The Court should deny North Forty's Motion because it fails to demonstrate any entitlement to relief under Rule 60(b). "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson*, 972 F.2d at 1044.

North Forty's Motion rests entirely on its argument that it was "surprised" and "prejudiced" by the fact that the Court's written Order is not identical to the the tentative ruling the Court shared at the January 14th hearing. North Forty does not offer a single case or any other authority to support its remarkable position; to the contrary, the Court has full discretion in matters related to oral argument, including changing its reasoning between a hearing and the eventual ruling. *Cf., e.g.*, *Wilson v. Tesla, Inc.*, No. 17-cv-03763, 2019 WL 4261066, at *3 (N.D. Cal. Sep. 9, 2019) ("Plaintiffs fundamentally misunderstand motion and hearing practice if they believe that the Court is required to preview its thinking with respect to the motions before it and give the parties the opportunity to be heard on every issue. Oral argument is at the judge's discretion.") (denying relief under Rule 60(b)(1) and (6)). In fact, beyond quoting the language of Rule 60(b)(1) and 60(b)(6), North Forty makes no real effort to demonstrate that it is entitled to relief under either section, which it is not.

Rule 60(b)(1) provides relief in two instances: "(1) when a party has made an excusable litigation mistake … or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Best*, 2017 WL 6514676, at *3; *see also Salinas*, 708 Fed. Appx. at 433. A court issuing a final order that is not identical to its tentative does not come close to satisfying either part. *See Wilson* at *3. The Motion identifies no excusable litigation mistake by North Forty and identifies no mistake of law or fact in the Court's Order. *See generally* Mot. North Forty merely notes that it "specifically [argued] at the hearing that the Acacia deal was 'paused' and not two separate deals," an argument the Court already considered, addressed, and rejected in its Order. Mot. at 3; Order at 10–11; *cf. also Franco v. City of West Covina*, No. EDCV 18-2587, 2019 WL 8161159, at *4–5 (C.D. Cal. Nov. 14, 2019) (denying relief under Rule 60(b)(1) and (6) where "Plaintiffs attempt to establish a mistake almost entirely by relitigating the issues [already determined by the Court.]"). Having

1  identified neither an error by counsel nor a mistake of law or fact by the Court, North Forty is not
2  entitled to relief under Rule 60(b)(1). *E.g., Best* at *3; *Salinas* at 433.

3  Rule 60(b)(6) applies only "to prevent manifest injustice and is to be utilized only where
4  extraordinary circumstances prevented a party from taking timely action to prevent or correct an
5  erroneous judgment." *Washington*, 394 F.3d at 1157. Again, a court issuing a final order that differs
6  from its tentative does not come close to meeting this high bar. *See Wilson* at *3. North Forty has
7  pointed to no manifest injustice or extraordinary circumstances, nor can it: North Forty filed a full
8  Opposition to BDIP's Motion for Judgment on the Pleadings and was heard in oral argument prior to
9  the Court's Order. Order at 1; *See also generally* Mot.

10 North Forty should not be heard to suggest that manifest injustice resulted from the Order
11 "revers[ing ]the Court's ruling at the [h]earing," which "caus[ed] surprise" and "prejudiced" North
12 Forty. Mot. at 4. First, the Court's Order did not reverse any prior order. The Minute Entry,
13 reflecting the Court's statements at hearing, noted that the Court would provide its ruling in a written
14 order, and the Order that followed fufilled that promise. *See* Minute Entry. North Forty's attempt to
15 twist the Court's discussions with counsel into a fully-enforceable oral ruling has no basis in law, and
16 North Forty points to none. *See Wilson,* 2019 WL 4261066, at *3; Mot. at 3–4.

17 Second, the only instance where the Court's Order exceeds its tentative ruling in BDIP's favor
18 is its holding that North Forty cannot be entitled to a success fee on the post-termination Acacia deal.
19 North Forty's feigned surprise is belied by the fact that the Court rejected North Forty's eleventh-
20 hour "paused" theory because it was not viable in view of North Forty's own repeated admissions.

21 Third, the only "prejudice" to North Forty is that it lost: the Order ruled that BDIP is entitled
22 to judgment that North Forty is not entitled to any payments from the second, April 2020 Acacia deal
23 because the parties repeatedly pled and affirmed that the February 2020 Acacia deal terminated. *See*
24 Countercl. ¶ 40; Am. Countercl. ¶ 49; BDIP Answ. ¶ 49; MJP at 3–4, 7–8; Opp. at 6; Reply at 6;
25 Order at 10–11. Moreover, this is the correct result. The reason North Forty confirmed time and
26 again that Acacia terminated the tentative February deal is because North Forty knows that is the

truth, and that is also why North Forty never attempted to amend this aspect of its pleadings before it lost even though it had every opportunity to do so over the past seven months.

Because it cannot point to any manifest injustice or extraordinary circumstances, North Forty is not entitled to relief under Rule 60(b)(6).

## IV. CONCLUSION

North Forty fails to make any argument that could support relief under Rule 60 and its Motion must therefore be denied.

Date: February 24, 2021                    Respectfully submitted,

                                           SINGER CASHMAN LLP

                                           By: _____
                                               Benjamin L. Singer
                                               Walter C. Pfeffer
                                               *Attorneys for Bunsow De Mory LLP*