

Benjamin L. Singer
Partner

(415) 500-6077
bsinger@singercashman.com

**VIA ECF**

April 1, 2021

Hon. Jacqueline S. Corley, M.J.
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Bunsow De Mory LLP v. North Forty Consulting LLC*, No. 3:20-CV-04997-JSC

Dear Judge Corley:

Plaintiff Bunsow De Mory LLP ("Bunsow De Mory") and Defendant North Forty Consulting LLC ("North Forty") submit this joint letter to request clarification regarding the Court's January 22, 2021 Order Re: Plaintiff's Motion for Judgment on the Pleadings & Administrative Motions to Seal (Dkt. 53) (the "MJP Order"). In particular, the parties dispute whether it remains the judgment of the Court that Bunsow De Mory "does not owe North Forty a ▅▅▅▅ on the April 20, 2020 purchase agreement." MJP Order at 10. The parties seek the Court's assistance in resolving this disagreement to inform their upcoming settlement conference and so that Bunsow De Mory may determine whether it needs to renew[1] its motion for judgment on the pleadings.

## **Bunsow De Mory's Position**

Bunsow De Mory understands it to be the judgment of the Court that North Forty cannot maintain a claim to a success fee stemming from the April 20, 2020, patent sale to Acacia ("April Acacia Deal") because that transaction took place after Bunsow De Mory's termination of the parties' contract became effective. *See* MJP Order at 10 ("BDIP does not owe North Forty a ▅▅▅▅ on the April 20, 2020 purchase agreement."), 11 ("BDIP had no obligation to pay North Forty a ▅▅▅▅ regarding the patent sale agreement Harris and Acacia executed on April 20, 2020…."), and 11 ("BDIP has no obligation to pay North Forty a ▅▅▅▅ regarding the April 20, 2020 patent sale agreement."). Per the MJP Order, the only remaining issue of fact with regard to BDIP's second claim for declaratory relief is whether BDIP received "any ▅▅▅▅▅▅▅▅ … in February 2020 when Harris and Acacia entered into their first patent purchase agreement" ("February Acacia Deal"). MJP Order at 11.

---

[1] To the extent it denied relief, the MJP Order did so without prejudice. MJP Order at 12.

www.singercashman.com

San Francisco
Phone (415) 500-6080
Fax (415) 500-6080

505 Montgomery St., Suite 1100,
San Francisco, CA 94111

North Forty understood the MJP Order in the same way, which is why it sought relief under Rule 60(b) from the portion finding against it as to the April Acacia Deal. *See* North Forty's Motion Under Fed. R. Civ. Proc. 60(b) for Relief from Provisions of MJP Order (Dkts. 57-4, 58) ("Rule 60 Motion"). North Forty's Rule 60 Motion described the MJP Order as follows:

> The Court went further in [the MJP] Order and further narrowed North Forty's counterclaim that the ▓▓▓▓▓▓ paid to BDIP on the Acacia sale as complained by North Forty only applied to the February 2020 agreement and not the April 20, 2020 agreement. *Id*. at 3.

The Court did not grant North Forty the relief it requested from the MJP Order. Instead, the Court simply reiterated what it had already ruled – that North Forty could amend its pleadings. *See generally* March 3, 2021 Order Re: Defendant's Request for Leave to Amend and Sealing Motion (Dkt. 61) ("Amendment Order"). Accordingly, Bunsow De Mory understands that it remains the judgment of the Court that Bunsow De Mory "does not owe North Forty a ▓▓▓▓▓▓ on the" April Acacia Deal. MJP Order at 10.

Further supporting this conclusion, North Forty has now filed its Second Amended Counterclaim (Dkt. 69) ("SACC") and it too fails to allege a viable theory as to the April Acacia Deal. The only time North Forty has articulated a theory as to how it could be entitled to a payment on the post-termination April Acacia Deal was during oral argument on the motion for judgment on the pleadings when it suggested that the February Acacia Deal was somehow "paused" but not terminated—despite repeatedly pleading and arguing to the contrary.[2] The facts well-known to and admitted by North Forty leave no room for any such "pause" theory. To North Forty's credit, the SACC does not run from these facts, which would have raised the thicket of Rule 11.

Instead, as can be readily seen from the redline North Forty belatedly submitted, the SACC continues to establish every fact the Court relied on in the MJP Order when it found that North Forty is not owed any payment on the April Acacia Deal. Specifically, North Forty still admits that the Consulting Agreement terminated effective March 27, 2020 (*id.* at ¶¶ 55–56), that Acacia walked away from the February Acacia Deal and it did not close (*id.* at ¶¶ 63–64), and that a separate, "revised" contract with Acacia closed around April 20, 2020 (*id.* at ¶¶ 70–74). The new averments of the SACC that relate to North Forty's post-termination efforts to secure *other* deals (*id.* at ¶¶ 65–69) are irrelevant to the Court's finding that North Forty was not entitled to be paid on the post-termination April Acacia Deal. Accordingly, Bunsow De Mory believes that the issue of the April Acacia Deal remains fully resolved.

If, however, in view of the filing of the SACC, the Court determines a renewed motion is necessary, Bunsow De Mory proposes expedited briefing so that this issue might be resolved in advance of the settlement conference with Magistrate Judge van Keulen on April 28, 2021. For example, Bunsow De Mory could file the renewed motion by April 12th with North Forty opposing by April 16th and any reply due by April 19th. If necessary, Bunsow De Mory will move under Civil L.R. 6-3. Resolving this issue should not be delayed for discovery. First, North Forty is not entitled to discovery on claims precluded by the pleadings. Second, North

---

[2] The Court considered and rejected that theory in its MJP Order. *Id*. at 10–11.

Forty knew of this issue for months and could have taken discovery at any time. Instead, it waited until the deadline before propounding any discovery. Any issue here is of their making.

### North Forty's Position

The Court's order granting North Forty's Rule 60(b) motion for relief (Docket No. 61) (the "Rule 60b Order") is clear and unambiguous. It simply states that "Defendant is granted leave to amend its answer and counterclaim with respect to the second claim for declaratory relief but not the first", and that "Defendant shall file its second amended answer and counterclaim within 14 days of this Order…" *Id*. North Forty has amended its answer and counterclaim and filed it with the Court as Docket No. 69.

North Forty takes the position that the Rule 60b Order supplants the MJP Order and that the Court already ruled that North Forty was permitted to amend its pleading to show that there is only one Acacia Deal in its order. BDIP has filed its answer to North Forty's and the parties are currently conducting discovery on this issue.

BDIP may file what ever pleadings it thinks necessary. North Forty would object to a second Motion for Judgment on the Pleadings and would strenuously object to having an expedited briefing in advance of the settlement conference. North Forty is currently conducting discovery on this issue and believes that discovery by both sides would benefit the parties in their settlement negotiations.

\* \* \*

The parties both thank the Court for its guidance in this matter.


Respectfully Submitted,


*/s/ Benjamin L. Singer*          */s/ Darren Neilson*
Benjamin L. Singer                Brian M. Rothschild
Walter C. Pfeffer                 Darren Neilson
SINGER CASHMAN LLP                PARSONS BEHLE & LATIMER
*Attorneys for Bunsow De Mory LLP*   *Attorneys for North Forty Consulting LLC*